NORTH STAR WOOLEN MILL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35430. Filed September 22, 1954.

*Kenneth Taylor, Esq.*, for the petitioner.
*Richard C. McLaughlin, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $17,880.63 in the excess profits tax of the petitioner for 1945. The only issue for decision is whether one-half of the accrued interest on 1947 indebtedness should be disallowed as a deduction in computing the net operating loss for that year for carry-back purposes. The facts have been presented by a stipulation which is adopted as the findings of fact.

The return for 1945 was filed with the collector of internal revenue for the district of Minnesota. The petitioner was a corporation engaged in the manufacture and sale of woolen products at all times material hereto. It used an accrual method of accounting for and reporting its income and reported upon a calendar year basis.

Interest of $41,826.04 accrued during 1947 on outstanding indebtedness of the petitioner evidenced by its promissory notes. The petitioner sustained a net operating loss of $306,067.70 during 1947. The Commissioner, in determining the amount of the 1947 net operating loss which may be carried back as a net operating loss deduction and used in computing the petitioner's excess profits net income for 1945, disallowed 50 per cent of the $41,826.04 accrued interest deduction of 1947. The petitioner claims that there is no statutory authority or other justification for disallowing any of the 1947 accrued interest.

Section 711 (a) (2) (B), Internal Revenue Code of 1939, provided that the interest deduction in computing excess profits net income for a taxable year should be reduced by 50 per cent of the interest on indebtedness included in borrowed capital for that year "if the excess profits credit is computed under section 714." Section 711 (a) (2) (L) (i), entitled "Net Operating Loss Deduction Adjustment," provided that the interest deduction should be similarly reduced "in computing the net operating loss for any taxable year * * * if the excess profits credit for such taxable year was computed under section 714." Thus the disallowance of 50 per cent of the interest deduction in computing the net operating loss of the taxable year 1947 would have been proper if the petitioner had been entitled to claim and had claimed an excess profits credit for 1947 computed under section 714 to be carried back (unused) to 1945. However, that is not the present case. Section 122 of the Revenue Act of 1945 in effect repealed the excess profits tax as of the close of 1945 and discontinued all excess profits credits as of the close of 1946 together with the right

to carry back unused excess profits credits of later years to an excess profits tax year. Both parties recognized that no excess profits credit of any kind can arise for 1947.

The parties also recognize that the petitioner is entitled to use and the 1945 changes did not prohibit the use of the net operating loss, which the petitioner sustained in 1947, in computing a net operating loss deduction for 1945. The petitioner points out that no excess profits credit for 1947 "was computed" or could be computed under section 714 (or under any other provision) and therefore the condition mentioned in section 711 (a) (2) (L) (i) requiring the disallowance ("adjustment") of the interest deduction is not present. This Court is unable to refute the petitioner's argument that there is no statutory authority for the disallowance by the Commissioner of 50 per cent of its interest deduction for 1947 in computing the operating net loss for that year from which the net operating loss deduction for 1945 is computed. The reason for the disallowance of the deduction for such interest as accrues on borrowed capital used in the computation of an excess profits credit under section 714 (based upon invested capital) is clear and logical but it disappears in a case like this where there is no excess profits credit for the year of the interest deduction. But regardless of why Congress restricted the interest deduction it is sufficient that it did not limit it for a year for which no excess profits credit under section 714 is to be computed or allowed. *Flory Milling Co.*, 21 T. C. 432.

It is wholly immaterial that the petitioner properly claims an excess profits credit for 1945 computed under section 714. No question of any net operating loss for that year or of any interest adjustment in the computation thereof is involved herein. Section 711 (a) (2) (L) (i) refers to the net loss year, here 1947, and the computation of the loss for that year. It disallows a part of the interest deduction for that year only if for that year an excess profits credit is computed under section 714. It has been shown above, as both parties agree, that no excess profits credit is ever to be computed for that year. It would be vacuous to engage in the computation of "theoretical" excess profits credits for 1947. It is not significant that Congress did not expressly recognize that the interest adjustment would not have any effect after 1946.

The Commissioner relies upon *National Fruit Products Co.* v. *United States*, 105 F. Supp. 658, affirmed per curiam 199 F. 2d 754, certiorari denied 345 U. S. 950. The Tax Court has respectfully declined to follow that case as authority because it seems to reach a result contrary to the clear provisions of the Internal Revenue Code of 1939 on reasoning which this Court must reject. *Flory Milling Co., supra.*

*Decision will be entered under Rule 50.*